IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **CASE NO. 226-80397** |
| | § | |
| | § | |
| **JMK5 MALL OF THE MAINLAND, LLC,** | § | **CHAPTER 11** |
| *Debtor* | § | |
| | § | |
| | § | |
| | § | **JUDGE ALFRED R. PEREZ** |

## TEXAS CITY'S MOTION TO DETERMINE ADEQUATE ASSURANCE OF PAYMENT PURSUANT TO 11 U.S.C. § 366(c)(3)

COMES NOW Texas City, a party in interest and utility provider to the Debtor, files this Motion to Determine Adequate Assurance of Payment Pursuant to 11 U.S.C. § 366(c)(3) and respectfully states as follows:

### I.    PRELIMINARY STATEMENT

1.    Texas City provides water utility services to commercial properties owned or operated by Debtor.

2.    Texas City will be satisfied if it receives a cash deposit of $5,000.00 (the "Required Deposit"). This amount is necessary to furnish Texas City with adequate assurance of payment that is satisfactory to Texas City, as required by 11 U.S.C. § 366(c)(2). If Texas City does not receive the Required Deposit from the Debtor on or before July 2, 2026 (thirty days after the commencement of this case), Texas City should be free to alter, refuse, or discontinue water service pursuant to § 366(c)(2).

3.    Debtor has not proposed any form of adequate assurance of payment and has not provided Texas City with a cash deposit, letter of credit, certificate of deposit, surety bond, prepayment, or any other form of security. Pursuant to 11 U.S.C. § 366(b), a debtor must furnish

**Page 1 of 8**

adequate assurance of payment in the form of a deposit or other security within twenty (20) days after the order for relief. Additionally, pursuant to 11 U.S.C. § 366(c)(2), a utility may alter, refuse, or discontinue utility service if, during the thirty-day period beginning on the petition date, the utility does not receive adequate assurance of payment satisfactory to the utility. As of the filing of this Motion, Debtor has provided Texas City with no adequate assurance of payment whatsoever despite continuing to receive water utility service from Texas City.

4. Texas City reserves its rights to serve discovery upon the Debtor and to amend or supplement this Motion as the discovery process is completed.

## II.   BACKGROUND

**A.   TEXAS CITY BACKGROUND**

5. Texas City is a municipal utility provider that provides water utility service to properties located within its service area and is a "utility" within the meaning of 11 U.S.C. § 366.

6. Debtor owns or operates certain commercial properties located at the Mall of the Mainland and receives water utility service from Texas City through one or more utility accounts (the "Texas City Accounts").

7. As of the Petition Date, Debtor owed Texas City approximately $13,386.11 for water utility services provided through the Texas City Accounts. The Debtor had the following accounts and owed the following amounts as of the Petition Date:

| Acct. No. | Due | Past Due | Total Due |
|---|---|---|---|
| 25728-30922 | $577.88 | $1,140.14 | $1,718.02 |
| 25726-30922 | $423.68 | $1,223.30 | $1,646.98 |
| 25726-30922 | $396.08 | $1,028.46 | $1,424.46 |
| 25726-30922 | $96.28 | $1,413.82 | $1,510.10 |
| 25726-30922 | $261.68 | $1,025.75 | $1,287.43 |
| 25726-30922 | $843.28 | $4,955.84 | $5,799.12 |

*See* Exhibits A – F.

8. Upon information and belief, Debtor collects utility reimbursements or utility charges from tenants occupying the properties served by the Texas City Accounts.

9. Despite collecting utility reimbursements or utility charges from tenants, Debtor failed to remit payment to Texas City and allowed the Texas City Accounts to become substantially delinquent.

**B. DEBTOR'S FAILURE TO PROVIDE ADEQUATE ASSURANCE PAYMENT**

10. Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code on or about June 2, 2026.

11. Since the Petition Date, Debtor has not proposed any form of adequate assurance of payment and has not provided Texas City with a cash deposit, letter of credit, certificate of deposit, surety bond, prepayment, or any other form of security.

12. As of the filing of this Motion, Texas City has received no adequate assurance of payment whatsoever from Debtor despite continuing to provide water utility service to Debtor and the properties served by the Texas City Accounts.

### III. REQUESTED RELIEF

**A. THE REQUIRED DEPOSIT IS NECESSARY TO PROVIDE ADEQUATE ASSURANCE OF PAYMENT.**

13. The term "assurance of payment" is defined by the Bankruptcy Code and refers to the specific forms of protection against loss that debtors must provide to a utility to prevent the utility from exercising its right to "alter, refuse, or discontinue service." *See* 11 U.S.C. § 366(c)(1)(A). With respect to the necessary amount of such protection, § 366(c) requires that it be "adequate" but does not otherwise define the term.

14. Courts interpreting the concept of "adequate" in the Bankruptcy Code, however, have made it clear that the purpose of *adequate* protection is "to protect a secured creditor from diminution in the value of its interest in the collateral during the period of use." *In re Kain,* 86 B.R. 506, 513 (Bankr. W.D. Mich. 1988). In other words, the concept of "adequate" is used to permit the debtor to stay in business without forcing the secured creditor to subsidize its operations. Similarly, in the context of § 366, the concept of adequate assurance of payment is used to permit the debtor to "keep the lights on" without forcing the utilities to subsidize the debtor's operations.

15. There is no reason why the meaning of "adequate" in the context of "adequate protection" under the Bankruptcy Code should be different from the meaning of "adequate" in the context of "adequate assurance of payment" under § 366(c). In both cases, "adequacy" necessarily reflects the degree to which the creditor is protected from a potential loss, and in both cases, the focus should be on what is reasonably necessary to protect the secured lender or utility from suffering a loss due to the debtor's continued operations.

16. Moreover, the Required Deposit is not a guarantee of payment but a realistic amount determined with reference to the actual exposure Texas City faces on the Texas City Accounts. As of the Petition Date, Debtor owed Texas City approximately $13,386.11 for water utility services. Upon information and belief, Debtor collected utility reimbursements or utility charges from tenants occupying the properties served by the Texas City Accounts but failed to remit those amounts to Texas City. Accordingly, the Required Deposit is necessary to protect Texas City from additional losses while the Debtor continues to receive post-petition utility service paid for by its tenants.

17. Based on the Debtor's payment history and current delinquent balance, Texas City has exposure on the Texas City Accounts that is twice the Debtor's current delinquent balance. In

fact, the exposure may be even greater because Debtor continues to receive water utility service while carrying a substantial delinquent balance and has failed to provide any form of adequate assurance of payment. Nevertheless, Texas City will be satisfied with the Required Deposit of $92,000.00 as adequate assurance of payment for the future provision of water utility service to Debtor.

18.    By requesting the Required Deposit, Texas City simply seeks to approximate its exposure and to enforce its rights under applicable non-bankruptcy law in the context of § 366 as amended. In comparison, permitting Debtor to continue receiving water utility service without providing the Required Deposit would place Texas City in a far worse position under § 366 than it would occupy outside of bankruptcy.

**B.     TEXAS CITY IS ENTITLED TO RECEIVE THE REQUIRED DEPOSIT PURSUANT TO 11 U.S.C. § 366.**

21.    Section 366 reflects Congress's determination that utilities should not be compelled to provide post-petition service without adequate protection against the risk of nonpayment. Accordingly, the Bankruptcy Code expressly permits a utility to alter, refuse, or discontinue service if the debtor fails to furnish adequate assurance of payment as required by 11 U.S.C. § 366.

22.    Pursuant to 11 U.S.C. § 366(b), a utility may alter, refuse, or discontinue service if the debtor fails to furnish adequate assurance of payment in the form of a deposit or other security within twenty days after the order for relief.

23.    Likewise, in a Chapter 11 case, 11 U.S.C. § 366(c)(2) permits a utility to alter, refuse, or discontinue service if, during the thirty-day period beginning on the petition date, the utility does not receive adequate assurance of payment satisfactory to the utility.

24. The purpose of § 366 is to strike a balance between a debtor's need for continued utility service and a utility's need for protection against unreasonable risk of nonpayment. As recognized by the court in *Stagecoach Enterprises, Inc.*, 1 B.R. 732, 736 (Bankr. M.D. Fla. 1979), § 366 was enacted to prevent a utility from being forced to extend unsecured credit to a debtor while at the same time permitting a debtor to continue operating during the pendency of a bankruptcy proceeding. Accordingly, the Bankruptcy Code expressly permits a utility to demand and receive adequate assurance of payment as a condition of continued service.

25. Congress further specified the forms of assurance that may constitute adequate assurance of payment, including a cash deposit, letter of credit, certificate of deposit, surety bond, prepayment of utility consumption, or another form of security agreed upon by the utility and the debtor. 11 U.S.C. § 366(c)(1)(A). To date, Debtor has provided Texas City with none of the forms of assurance authorized by the statute.

26. Debtor has not provided Texas City with a cash deposit, letter of credit, certificate of deposit, surety bond, prepayment, or any other form of security authorized by § 366(c)(1)(A). Nor has Debtor proposed any form of adequate assurance of payment that is satisfactory to Texas City as contemplated by § 366(c)(2). Instead, Debtor continues to receive water utility service while owing approximately $13,386.11 in delinquent utility charges and without providing Texas City any protection against further losses.

27. Under these circumstances, Texas City is entitled to receive the Required Deposit as adequate assurance of payment pursuant to 11 U.S.C. § 366. Absent receipt of the Required Deposit, Texas City should be authorized to alter, refuse, or discontinue water utility service pursuant to 11 U.S.C. §§ 366(b) and 366(c)(2).

28.     The Required Deposit is reasonable, necessary, and appropriate to protect Texas City from further losses during the pendency of this Chapter 11 case and to provide Texas City with the adequate assurance of payment contemplated by Congress in 11 U.S.C. § 366.

## PRAYER

WHEREFORE, Texas City respectfully requests that the Court enter an order:

a.     Determining that Texas City is entitled to adequate assurance of payment pursuant to 11 U.S.C. § 366;

b.     Requiring Debtor to provide Texas City with a cash deposit in the amount of $5,000.00 as adequate assurance of payment (the "Required Deposit");

c.     Ordering that the Required Deposit be delivered to Texas City on or before a date certain established by the Court;

d.     Authorizing Texas City to alter, refuse, or discontinue water utility service to Debtor in the event Debtor fails to timely provide the Required Deposit or otherwise fails to provide adequate assurance of payment satisfactory to Texas City pursuant to 11 U.S.C. §§ 366(b) and 366(c)(2);

e.     Awarding Texas City such other and further relief, at law or in equity, to which it may be justly entitled; and

f.     Setting this matter for hearing on an expedited basis.

Respectfully submitted,

MURRAY | LOBB, PLLC

By:___/s/Kyle Dickson_____
        Kyle L. Dickson
        Southern District Bar No. 13441
        State Bar No. 05841310
        2200 Space Park Dr., Suite 350
        Houston, Texas 77058
        Tel:    (281) 488-0630
        Fax:    (281) 488-2039
        Email: *kdickson@murray-lobb.com*

**ATTORNEYS FOR TEXAS CITY**

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2026, a true and correct copy of the foregoing Texas City's Motion to Determine Adequate Assurance of Payment Pursuant to 11 U.S.C. § 366(c)(3) was served upon the Debtor, Debtor's counsel, the Office of the United States Trustee, and all parties entitled to notice in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Southern District of Texas.

/s/ Kyle Dickson
Kyle L. Dickson

Debtor
JMK 5 Holdings, LLC
308 W Parkwood Ave., Suite 104A
Friendswood, Texas 77546

Attorney for Debtor
Richard L Fuqua, II
Fuqua & Associates, PC
8558 Katy Freeway, Suite 119
Houston, Texas 77024

United States Trustee
Office of the United States Trustee
515 Rusk Avenue, Suite 3516
Houston, Texas 77002