**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 26-80397** |
| **JMK5 Mall of the Mainland LLC** | § | |
| | § | |
| | § | **Chapter 11** |
| **Debtor.** | § | |

**U.S. TRUSTEE'S LIMITED OBJECTION TO DEBTOR'S APPLICATION FOR AUTHORITY TO APPOINT AND RETAIN COUNSEL PURSUANT TO 11 U.S.C. § 327**

*Relates to ECF No. 12*

TO THE HONORABLE ALFREDO R PÉREZ, UNITED STATES BANKRUPTCY JUDGE:

Kevin M. Epstein, the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**"), files this *Limited Objection to Debtor's Application for Authority to Appoint and Retain Counsel Pursuant to 11 U.S.C. § 327* (the "**Limited Objection**") and in support therefore respectfully represents as follows:

## PROCEDURAL AND FACTUAL BACKGROUND

1.      On June 2, 2026, (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Court**").

2.      On June 15, 2026, Fuqua & Associates, P.C. ("**Applicant**") filed the *Debtor's Application for Authority to Appoint and Retain Counsel Pursuant to 11 U.S.C. § 327* [ECF No. 12] (the "**Retention Application**").  The Retention Application does not disclose the amount of retainer Applicant received, whether it included the filing fee, or how much Applicant drew down before the Debtor's case was filed.

3.      In addition, Applicant disclosed the following connection:

The firm has represented unrelated potential proposed purchasers of assets from unrelated Chapter 7 bankruptcy estates and the Debtor's representative is a manager of a number of Special Purpose Entities whose debts and/or assets are the subject of the unrelated purchase offer to the unrelated Chapter 7 estates. However, neither Debtor nor Fuqua believes any conflict exists between this Bankruptcy estate and Fuqua "purchaser client"

ECF No. 12 at p. 3. The U.S. Trustee was unable to understand the nature or scope of these connections or whether those connections would prevent Applicant's retention.

4. The U.S. Trustee requested that Applicant supplement the Retention Application to address the retainer and connections, but no supplement has been filed.

## LIMITED OBJECTION

5. To be employed by a bankruptcy estate, a professional must not hold an interest adverse to the estate and must be a disinterested person. 11 U.S.C. §§ 101(14), 327(a) (2026). In addition, the professional must disclose what it was paid within the year before filing for bankruptcy services. 11 U.S.C. § 329(a).

6. The U.S. Trustee previously requested that Applicant supplement his retention application to (1) clarify the connections with other entities and purchasers so that a fair assessment of its disinterestedness could be made, and (2) disclose the retainer it received, whether it included a filing fee, and what was drawn down prepetition.

7. The U.S. Trustee objects to Applicant's retention until this information is provided and asks that the Court order Applicant to file and serve such additional disclosures within two weeks of entry of that order. The U.S. Trustee also asks that the Court extend the deadline to file objections to Applicant's retention for one-week from that deadline to allow him and other parties in interest time to evaluate Applicant's disinterestedness.

## **PRAYER**

WHEREFORE, the U.S. Trustee requests that the Court (1) order Applicant to supplement its Application to more fully disclose its connections with the Debtor's affiliates and potential purchasers and the amounts it received prior to filing the bankruptcy case, (2) give all parties in interest an additional week from such disclosure to file any objections, if warranted, and (3) for such other and further relief to which he may be entitled in law or equity.

Date: July 6, 2026

Respectfully Submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
REGION 7, SOUTHERN AND WESTERN
DISTRICTS OF TEXAS

By: */s/ Vianey Garza*
    Vianey Garza, Trial Attorney
    Tex. Bar No. 24083057/Fed. ID No. 1812278
    515 Rusk, Suite 3516
    Houston, Texas 77002
    (713) 718-4650 – Telephone
    (713) 718-4670 – Fax
    Email: Vianey.Garza@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2026 of the foregoing *United States Trustee's Limited Objection to Debtor's Application for Authority to Appoint and Retain Counsel Pursuant to 11 U.S.C. § 327* was served upon all parties entitled to receive notice by CM/ECF.

*/s/ Vianey Garza*
Vianey Garza

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 26-80397** |
| **JMK5 Mall of the Mainland LLC** | § | |
| | § | |
| | § | **Chapter 11** |
| | § | |
| **Debtor.** | § | |

**ORDER REGARDING DEBTOR'S APPLICATION FOR AUTHORITY TO APPOINT AND**
**RETAIN COUNSEL PURSUANT TO 11 U.S.C. § 327 [ECF NO. 12]**

(Relates to ECF No. __)

CAME ON for consideration the *Debtor's Application for Authority to Appoint and Retain Counsel Pursuant to 11 U.S.C. § 327* [ECF No. 12] (the "**Retention Application**") filed by Fuqua & Associates, P.C. (the "**Applicant**"). The Court has considered the Retention Application and the U.S. Trustee's limited objection to the same, and believes the relief requested in the limited objection should be granted. Accordingly it is

**ORDERED** that:

1.)     Applicant shall supplement the Retention Application to (1) more fully explain its connections with the Debtor's affiliates, owner and potential purchasers and (2) disclose the amounts it received prior to filing the bankruptcy case, if those amounts included a the chapter 11 filing fee, and the amounts Applicant drew drown from any retainer prior to it filing the Debtor's bankruptcy case.

2.)     Applicant shall have two weeks, until July ___, 2026, to file the supplement.

3.)     The deadline to file objections to Applicant's retention is extended one week from that deadline to _____, 2026.

4.)     If Applicant failed to file the supplement by the deadline set forth in paragraph 2, Applicant's Retention will be deemed automatically denied.