IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **CASE NO. 26-80397** |
| | § | |
| | § | |
| **JMK5 MALL OF THE MAINLAND, LLC,** | § | **CHAPTER 11** |
| *Debtor* | § | |
| | § | |
| | § | |
| | § | **JUDGE ALFRED R. PEREZ** |

### GREENWORKS LENDING LLC'S OBJECTION TO DEBTOR'S AMENDED SCHEDULES AND MOTION TO COMPEL AMENDMENT OF SCHEDULE D AND SCHEDULE E/F

COMES NOW, Greenworks Lending LLC ("Greenworks"), on behalf of PACEWell 3 LLC ("Capital Provider") pursuant to that certain Portfolio Administration Agreement by and among Capital Provider, Greenworks, and U.S. Bank National Association, a secured creditor in the above-captioned Chapter 11 case, files this Objection to Debtor's Amended Schedules and Motion to Compel Amendment of Schedule D and Schedule E/F [Dk# 17] (this "Objection"), and in support thereof respectfully states as follows:

### I. PRELIMINARY STATEMENT

1. Capital Provider is the beneficiary of a claim held by Galveston County, Texas (the "Local Government") against the Debtor's real property located at 10000 Emmet F. Lowry Expressway, Texas City, Texas 77591 (the "Property") arising from a Property Assessed Clean Energy ("PACE") loan in the original principal amount of $3,840,000.00 (the "PACE Loan"). The PACE Loan is secured by a contractual assessment lien on the Property (the "PACE Lien") created and perfected pursuant to the Property Assessed Clean Energy Act, Texas Local Government Code Chapter 399 (the "PACE Act"). The PACE Lien was recorded on or about September 28, 2020,

constitutes a first and prior lien against the Property that carries the same priority as a lien for ad valorem taxes, and is superior to all other liens, mortgages, or encumbrances of record against the Property, including those listed on the Debtor's Schedule D.

2.      Notwithstanding the foregoing, the Debtor's Amended Schedules filed on June 28, 2026 [Dk# 17] incorrectly classify the claim as a nonpriority unsecured claim on Schedule E/F with a stated balance of $3,609,378.96. This claim is not unsecured—it is secured by the PACE Lien, which is a statutory first-priority lien against the Property carrying ad valorem tax priority and which is superior in rank to every mortgage listed by the Debtor on Schedule D.  Furthermore, the Debtor's Amended Schedules filed on June 28, 2026 [Dk# 17] incorrectly classify the claim as being held by Nuveen LLC, however, the Local Government holds the secured claim. Greenworks respectfully requests that this Court sustain this Objection, direct the Debtor to amend its schedules to remove the claim from Schedule E/F and include it on Schedule D listing the Local Government as the senior secured creditor, and grant such other and further relief as the Court deems just and proper.

## II.  JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.  BACKGROUND

**A.      The Bankruptcy Case.**

4.      On or about the petition date, JMK5 Mall of the Mainland LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., in the United States Bankruptcy Court for the Southern District of Texas, Galveston

Division, Case No. 26-80397. The Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

5. On June 28, 2026, the Debtor filed its Amended Schedules [Dk# 17], which include Schedule D: Creditors Who Have Claims Secured by Property and Schedule E/F: Creditors Who Have Unsecured Claims. The Debtor's Schedule D identifies secured claims against the Property held by Plains State Bank and others totaling $10,483,826.00 in the aggregate—all of which, as set forth below, are junior in priority to the PACE Lien. Schedule E/F incorrectly lists Nuveen LLC as a holder of a nonpriority unsecured claim in the amount of $3,609,378.96, identified as arising from a loan for "energy-efficient and renewable energy improvements." See page 19, Part 2 ¶ 3.4. That classification is legally and factually incorrect and must be corrected.

**B.      The PACE Loan, PACE Lien, and Priority Over All Other Encumbrances.**

6. In or about September 2020, the Debtor (or its predecessor-in-interest) entered into a PACE transaction pursuant to the PACE Act, Texas Local Government Code Chapter 399, in connection with energy efficiency, water conservation, and/or renewable energy improvements installed at the Property. The PACE Loan was originated in the original principal amount of THREE MILLION EIGHT HUNDRED FORTY THOUSAND AND NO/100 DOLLARS ($3,840,000.00), with the Local Government participating as the local government in the Galveston County PACE Program pursuant to the Galveston County Commissioner's Court Resolution Establishing the Galveston County PACE Program adopted January 14, 2019.

7. The PACE transaction was consummated pursuant to, among other instruments: (a) a PACE Owner Contract between the Local Government and the Debtor; (b) a PACE Lender Contract between the Local Government and the lender; (c) a Financing Agreement between the lender and the Debtor; and (d) a Notice of Contractual Assessment Lien Pursuant to the Property

Assessed Clean Energy Act (the "Notice of Contractual Assessment"). The Notice of Contractual Assessment was recorded in the Official Public Records of Real Property of Galveston County, Texas pursuant to Texas Local Government Code § 399.013.

8.      At the time the PACE Lien was recorded, Jet Lending, LLC held the then-existing mortgage on the Property and as required under the PACE Act, provided a written Lender Consent to the PACE Assessment. See Exhibit C. Thereafter, Plains State Bank recorded its earliest mortgage lien against the Property on March 1, 2021—more than five months after the PACE Lien was already of record. Plains State Bank's subsequent mortgage liens, and all other secured claims listed on the Debtor's Schedule D, were therefore recorded and perfected after the PACE Lien and are junior in priority to Local Government's secured claim.

9.      Local Government holds the right to receive the PACE assessment payments from the Debtor and is entitled to enforce the PACE Lien against the Property. The current outstanding balance of the obligation is approximately $3,609,378.93, as reflected in the Debtor's own schedules, plus accrued and accruing interest, penalties, and costs.

10.      Attached hereto are the following documents:

| | |
|---|---|
| Exhibit A | PACE Owner Contract; |
| Exhibit B | Notice of Contractual Assessment Lien Pursuant to Property Assessed Clean Energy Act; and |
| Exhibit C | Lender Consent to PACE Assessment |

### IV.  ARGUMENT AND AUTHORITIES

**A.      Local Government's Claim Is Secured by Statutory Lien Under the PACE Act.**

11.      The PACE Act expressly provides that a contractual PACE assessment, and any interest or penalties thereon, constitutes a lien against the real property on which the assessment is imposed. TEX. LOCAL GOV'T CODE § 399.014(a). That lien arises from the date the Notice of Contractual Assessment is recorded in the real property records of the applicable county and

continues until paid in full. *Id.* § 399.014(a)(1). See Exhibit B. Upon recording of the Notice of Contractual Assessment, the PACE Lien becomes a first and prior lien against the Property. *Id.*

12. The PACE Lien constitutes a statutory lien within the meaning of 11 U.S.C. § 101(53), entitling Local Government to secured creditor status under the Bankruptcy Code. A statutory lien is a lien arising solely by force of statute on specified circumstances or conditions, and the PACE Lien arises by force of the PACE Act upon the recording of the Notice of Contractual Assessment. The Debtor's characterization of Local Government's claim as unsecured disregards the express statutory framework governing PACE assessments in Texas.

**B.      First-Priority Lien Superior to All Other Encumbrances, Including All Mortgages Listed on Schedule D.**

13. Section 399.014(a)(2) of the PACE Act provides that a PACE contractual assessment lien has the same priority status as a lien for any other ad valorem tax. TEX. LOCAL GOV'T CODE § 399.014(a)(2). Accordingly, the PACE Lien holds a first and prior position against the Property—superior even to the mortgage liens listed by the Debtor on Schedule D in favor of Plains State Bank. See Exhibit C. Moreover, the PACE Lien runs with the land and is not eliminated by foreclosure of a property tax lien. *Id.* § 399.014(b).

14. The recording chronology confirms this conclusion. The Notice of Contractual Assessment creating the PACE Lien was recorded on or about September 28, 2020. Plains State Bank's earliest mortgage against the Property was not recorded until March 1, 2021, more than five months later. All remaining encumbrances listed on Schedule D post-date the PACE Lien by an even wider margin. Under both the PACE Act's statutory priority grant and the common-law principle that a lien first recorded in time is first in right, the PACE Lien is senior to all other encumbrances against the Property. See Exhibit B (Notice of Contractual Assessment, recording

information).

15.     Moreover, the PACE Lien runs with the land and is not eliminated by foreclosure of a property tax lien. Tex. Local Gov't Code § 399.014(b). Plains State Bank and all other secured creditors listed on Schedule D therefore took their interests subject to the PACE Lien as a matter of law, and the recording of the Notice of Contractual Assessment in the Official Public Records of Galveston County placed all subsequent lienholders on constructive notice of Local Government's senior lien position.

16.     Delinquent installments of the PACE assessment incur interest and penalties in the same manner as delinquent property taxes, and the Local Government—or Capital Provider as the holder of the PACE Loan and beneficiary of the PACE Lien—may recover costs and expenses, including attorneys' fees, in the same manner as in a suit to collect delinquent property taxes. TEX. LOCAL GOV'T CODE § 399.014(d)–(e).

**C.      The Debtor's Schedules Must Be Corrected to Reflect Local Government's Secured Status.**

17.     Federal Rule of Bankruptcy Procedure 1009(a) provides that a debtor may amend a voluntary petition, list, schedule, or statement at any time before the case is closed. Courts routinely compel debtors to amend their schedules when a creditor demonstrates that its claim has been incorrectly classified. The correct classification of claims is essential to the orderly administration of the bankruptcy estate, accurate disclosure to all parties in interest, and the integrity of the plan confirmation process.

18.     The Debtor's classification of Local Government's PACE Lien claim as a nonpriority unsecured claim on Schedule E/F is legally incorrect. The PACE Lien is a perfected, statutory lien of record against the Property, recorded in the Official Public Records of Real

Property of Galveston County, Texas pursuant to TEX. LOCAL GOV'T CODE § 399.013. See Exhibit B. The Debtor cannot properly schedule a secured lienholder as an unsecured creditor when the applicable lien is expressly recognized and created by Texas statute and carries ad valorem tax priority.

19.     The Debtor's own Schedule A/B values the Property at $21,000,000.00. The PACE Lien balance of approximately $3,609,378.96 is substantially less than the Property's value, confirming that Local Government's claim is fully secured by the collateral. Accordingly, Local Government holds an allowed secured claim in an amount of not less than $3,609,378.96, plus accrued and accruing interest, penalties, attorneys' fees, and costs as provided under the PACE Act and the applicable transaction documents.

## V. RELIEF REQUESTED

WHEREFORE, Greenworks respectfully requests that this Court enter an order:

(1)     Sustaining this Objection to the Debtor's Amended Schedules;

(2)     Directing the Debtor, within fourteen (14) days of entry of the Court's order, to amend its Schedule E/F to remove Nuveen LLC as a nonpriority unsecured creditor;

(3)     Directing the Debtor, within fourteen (14) days of entry of the Court's order, to amend its Schedule D to include Local Government as a secured creditor holding a contractual PACE assessment lien against the real property located at 10000 Emmet F. Lowry Expressway, Texas City, Texas 77591 (34 acres), in an amount of not less than $3,609,378.96, plus accrued interest, penalties, costs, and attorneys' fees, with a first and prior lien priority equivalent to an ad valorem tax lien pursuant to TEX. LOC. GOV'T CODE § 399.014;

(4)     Preserving all rights of Local Government with respect to the amount, priority, and enforceability of its secured claim, including the right to file or amend a proof of claim in this proceeding; and

(5)     Granting Greenworks such other and further relief as the Court deems just and proper.

Respectfully submitted,

MURRAY | LOBB, PLLC

By: _/s/Kyle Dickson_
Kyle L. Dickson
Southern District Bar No. 13441
State Bar No. 05841310
2200 Space Park Dr., Suite 350
Houston, Texas 77058
Tel:   (281) 488-0630
Fax:   (281) 488-2039
Email: _kdickson@murray-lobb.com_

**ATTORNEYS   FOR   GREENWORKS
LENDING LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2026, a true and correct copy of the foregoing Objection to Debtor's Amended Schedules and Motion to Compel Amendment of Schedule D and Schedule E/F was served upon the Debtor, Debtor's counsel, the Office of the United States Trustee, and all parties entitled to notice in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Southern District of Texas.

_/s/Kyle Dickson_
Kyle L. Dickson

Debtor
JMK 5 Mall of the Mainland, LLC
308 W Parkwood Ave., Suite 104A
Friendswood, Texas 77546

Attorney for Debtor
Richard L Fuqua, II
Fuqua & Associates, PC
8558 Katy Freeway, Suite 119
Houston, Texas 77024

United States Trustee
Office of the United States Trustee
515 Rusk Avenue, Suite 3516
Houston, Texas 77002