**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **CASE NO. 26-80397** |
| | § | |
| | § | |
| **JMK5 MALL OF THE MAINLAND, LLC,** | § | **CHAPTER 11** |
| *Debtor* | § | |
| | § | |
| | § | |
| | § | **JUDGE ALFRED R. PEREZ** |

---

### GREENWORKS LENDING LLC'S RESPONSE AND JOINDER IN SUPPORT OF CONVERSION TO CHAPTER 7

---

COMES NOW, Greenworks Lending LLC ("Greenworks"), on behalf of PACEWell 3 LLC ("Capital Provider") pursuant to that certain Portfolio Administration Agreement by and among Capital Provider, Greenworks, and U.S. Bank National Association, a beneficiary of a secured claim held by Galveston County, Texas (the "Local Government") in the above-captioned Chapter 11 case, files this Response and Joinder in Support of the U.S. Trustee's Expedited Motion to Convert Case to Chapter 7 [Dk# 19] (the "Motion"). Greenworks agrees that there is cause to convert this case and affirmatively urges the Court to convert—not dismiss—so that a Chapter 7 trustee may conduct an orderly, court-supervised liquidation of the Property for the benefit of all creditors.

### I. PRELIMINARY STATEMENT

1. This case presents a straightforward question: whether the Debtor's Chapter 11 should be converted to Chapter 7 or dismissed. Greenworks joins the U.S. Trustee's position that cause exists under 11 U.S.C. § 1112(b)(4)(C) based on the Debtor's failure to maintain insurance on a $21 million property occupied by eleven tenants. However, the question of conversion versus dismissal is equally important. Greenworks respectfully but firmly urges conversion.

2. Dismissal would be harmful to all creditors. It would return the Debtor to state

court and strip the estate of judicial oversight. An orderly sale under 11 U.S.C. § 363, overseen by a Chapter 7 trustee, is the most effective mechanism to realize that equity for the benefit of all creditors, including Capital Provider as the beneficiary of the Local Government's first-priority lien.

3.      As the beneficiary of the Local Government's first-priority PACE assessment lien recorded on or about September 28, 2020—more than five months before Plains State Bank recorded its earliest mortgage on March 1, 2021— Capital Provider's secured claim of not less than $3,609,378.96 is senior to every other encumbrance on the Property. Capital Provider has a direct and substantial interest in ensuring that the Property is sold in a manner that maximizes its value. Court-supervised liquidation under Chapter 7 achieves that objective. Dismissal does not.

## II.  JURISDICTION AND STANDING

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      Capital Provider has standing to be heard on this Motion as a party in interest and a beneficiary of a secured claim against the Debtor's primary asset. 11 U.S.C. § 1109(b) held by the Local Government. The disposition of this case—whether by conversion or dismissal—directly and materially affects Capital Provider's rights as a beneficiary of a secured claim of a first-priority lienholder.

## III.  BACKGROUND

**A.      The Debtor and Its Assets.**

6.      On June 2, 2026, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor's primary asset is the Property, a 34-acre commercial mall valued on the Debtor's own schedules at $21,000,000.00. The Property generates monthly

rents of approximately $180,000 from eleven tenants under executory leases. The Debtor estimates its total liabilities at approximately $13.7 million. Accordingly, the Debtor's schedules reflect total equity in the estate of not less than $8.3 million above all stated liabilities.

7.      The Debtor has failed to obtain or maintain commercial general liability or property insurance on the Property since the Petition Date. The Debtor has also failed to open a debtor-in-possession bank account, failed to file a cash collateral motion, and has not provided required financial information to the U.S. Trustee. These failures, taken together, demonstrate that the Debtor is unable or unwilling to fulfill the fundamental duties of a debtor-in-possession.

**B.      The PACE Loan, PACE Lien, and Priority Over All Other Encumbrances.**

8.      On or about September 2020, the Debtor (or its predecessor-in-interest) entered into a PACE transaction pursuant to the PACE Act, Texas Local Government Code Chapter 399, in connection with energy efficiency, water conservation, and/or renewable energy improvements installed at the Property. The PACE Loan was originated in the original principal amount of THREE MILLION EIGHT HUNDRED FORTY THOUSAND AND NO/100 DOLLARS ($3,840,000.00), with the Local Government participating as the local government in the Galveston County PACE Program pursuant to the Galveston County Commissioner's Court Resolution Establishing the Galveston County PACE Program adopted January 14, 2019.

9.      The PACE transaction was consummated pursuant to, among other instruments: (a) a PACE Owner Contract between the Local Government and the Debtor; (b) a PACE Lender Contract between the Local Government and the lender; (c) a Financing Agreement between the lender and the Debtor; and (d) a Notice of Contractual Assessment Lien Pursuant to the Property Assessed Clean Energy Act (the "Notice of Contractual Assessment"). The

Notice of Contractual Assessment was recorded in the Official Public Records of Real Property of Galveston County, Texas pursuant to Texas Local Government Code § 399.013.

10. Greenworks, on behalf of Capital Provider, has filed a separate Objection to the Debtor's Amended Schedules asserting that it is a beneficiary of a secured claim held by Local Government, not an unsecured creditor as incorrectly listed on the Debtor's Schedule E/F. See Dk# 30. The PACE Lien and Capital Provider's interest, and its status as a beneficiary of the Local Government's first-priority secured claim as a secured creditor, are material to the conversion-versus-dismissal analysis, as set forth below.

## IV. ARGUMENT AND AUTHORITIES

### A. Cause Exists to Act Under 11 U.S.C. § 1112(b).

11. Greenworks agrees with the U.S. Trustee that cause exists to convert or dismiss this case. Section 1112(b)(4)(C) of the Bankruptcy Code expressly provides that "cause" includes "failure to maintain appropriate insurance that poses a risk to the estate or to the public." 11 U.S.C. § 1112(b)(4)(C). The Debtor has admitted that it carries no commercial general liability or property insurance on the $21 million Property, which is actively occupied by eleven tenants and the general public. This failure standing alone satisfies the statutory definition of cause.

12. Additional grounds for cause are independently present. The Debtor has no debtor-in-possession bank account, has not filed a cash collateral motion despite Plains State Bank holding a collateral assignment of rents, has provided no financial records to the U.S. Trustee, and reports $0 in cash on its schedules despite collecting approximately $180,000 per month in rents. These facts support a finding of cause under 11 U.S.C. §§ 1112(b)(4)(B) (gross mismanagement) and 1112(b)(4)(D) (unauthorized use of cash collateral substantially harmful to creditors) as well.

### B. Conversion to Chapter 7, Not Dismissal, Is in the Best Interests of All Creditors.

13.     Once cause is established, the Court must determine whether conversion or dismissal is "in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1). Courts in this district and circuit evaluate this question by weighing whether creditors would fare better under a court-supervised liquidation than they would if the case were dismissed and the parties returned to state court remedies. The facts here compel conversion.

14.     The Debtor's own schedules demonstrate that the Property is worth $21,000,000.00 against total liabilities of $13,746,723.64—leaving gross equity of more than $7.25 million. This should not be an administratively insolvent estate. There is meaningful value here for all creditors: for Capital Provider, as a beneficiary of the Local Government's secured claim as first-priority lienholder, for Plains State Bank and other secured creditors, and even for the Debtor's unsecured creditors.

15.     Where substantial equity exists above the total liabilities of the estate, courts consistently hold that conversion rather than dismissal is in the best interests of creditors because it allows for court-supervised administration and distribution of that equity. Dismissal, by contrast, eliminates the estate's ability to capture and distribute that surplus in an orderly fashion and leaves individual creditors to pursue competing state-court remedies with no coordination or oversight.

### 2.     A § 363 Sale Will Maximize Value

16.     Conversion to Chapter 7 allows a trustee to market and sell the Property under 11 U.S.C. § 363 through a competitive, court-approved bidding process. A § 363 sale commands market exposure, competitive bidding, and judicial oversight that a foreclosure sale cannot replicate. Given the Property's $21 million valuation, an income stream of $180,000 per month from eleven tenants, and the absence of any indication that the Property has physically deteriorated, there is every reason to expect that an orderly § 363 sale would produce materially greater proceeds than a foreclosure—benefiting all creditors.

17. Moreover, the Property's existing tenant base is itself a valuable asset. Eleven active commercial tenants generating $180,000 per month in revenue represent an operating income property. A Chapter 7 trustee can preserve and market the Property as a going-concern commercial asset, which typically commands a significant premium over a vacant or distressed property. Dismissal forfeits this value.

**3.    A Chapter 7 Trustee Can Immediately Remedy the Administrative Deficiencies That Constitute Cause.**

18. The U.S. Trustee identifies the Debtor's failure to maintain insurance as the primary basis for cause. A Chapter 7 trustee, upon appointment, is obligated under 11 U.S.C. § 704(a) to collect and reduce to money the property of the estate and to administer it. A trustee has the immediate authority and fiduciary obligation to obtain appropriate insurance coverage for the Property. This remedy is available only through conversion.

19. Dismissal, by contrast, provides no mechanism to compel the Debtor to obtain insurance or to protect the uninsured $21 million property. The eleven tenants and the general public who frequent the Property remain exposed to uninsured risk for as long as the Debtor continues to operate without coverage. Only a court-appointed Chapter 7 trustee with immediate control over the estate can protect these parties and the creditors who hold claims against this asset.

20. Similarly, the absence of a debtor-in-possession account, the failure to account for $180,000 in monthly rents, and the non-compliance with Plains State Bank's collateral assignment of rents are all issues that a Chapter 7 trustee is equipped to address immediately upon appointment. The Debtor is also delinquent on its payments to Local Government pre-petition. A trustee can establish proper accounts, investigate the pre-petition disposition of rental income, assert causes of action for any misappropriation of estate funds, and bring the estate into compliance with all applicable requirements. Dismissal extinguishes these

remedies.

**4.      Local Government's First-Priority PACE Lien Attaches to Sale Proceeds and Must Be Recognized in Any Chapter 7 Distribution.**

21.     Under both the PACE Act and the Bankruptcy Code, Local Government's PACE Lien runs with the Property and attaches to the proceeds of any sale. TEX. LOCAL GOV'T CODE § 399.014(b). In a Chapter 7 liquidation, the proceeds of a § 363 sale of the Property will be distributed in order of lien priority.

22.     Conversion to Chapter 7 provides the Court with the tools to enforce proper lien priority in the distribution of sale proceeds. Dismissal eliminates that oversight and returns the parties to a priority dispute that would have to be litigated in state court, likely in the context of a foreclosure proceeding in which the PACE Lien's statutory super-priority may not be fully briefed or adjudicated before value is lost.

## V. CONCLUSION AND PRAYER

23.     The evidence before the Court establishes cause to act under 11 U.S.C. § 1112(b). The only remaining question is whether to convert or dismiss. The answer is conversion. The Property holds substantial equity above all stated liabilities. The estate's eleven-tenant rent roll makes it an income-producing asset capable of commanding genuine market interest in a § 363 sale. A Chapter 7 trustee can immediately obtain insurance, protect the public, preserve the estate's going-concern value, and administer a competitive sale process that maximizes recovery for all creditors. Dismissal accomplishes none of these objectives.

WHEREFORE, Greenworks Lending, LLC respectfully requests that this Court:

(1)     Grant the U.S. Trustee's Motion and enter an order converting this case from Chapter 11 to Chapter 7;

(2)     Direct that conversion—not dismissal—is in the best interests of creditors and the estate based on the substantial equity in the Property, the availability of a § 363 sale process to maximize that value, and the ability of a Chapter 7 trustee to immediately remedy the administrative deficiencies that constitute cause;

(3)    Recognize and preserve, in any Chapter 7 proceeding, Local Government's claim as a secured creditor holding a first-priority secured claim, senior in priority to all other liens and encumbrances, pursuant to Texas Local Government Code § 399.014; and

(4)    Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Murray | Lobb, PLLC

By:/s/ *Kyle Dickson*
Kyle L. Dickson
Southern District Bar No. 13441
State Bar No. 05841310
2200 Space Park Dr., Suite 350
Houston, Texas 77058
Tel: (281) 488-0630
Fax: (281) 488-2039
Email: kdickson@murray-lobb.com
**ATTORNEYS FOR GREENWORKS LENDING LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2026, a true and correct copy of the foregoing Response and Joinder was served upon all parties entitled to receive notice in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Southern District of Texas, including via CM/ECF on the following:

Vianey Garza, Trial Attorney
Office of the United States Trustee
515 Rusk, Suite 3516
Houston, Texas 77002

Richard L. Fuqua, II
Fuqua & Associates, PC
8558 Katy Freeway, Suite 119
Houston, Texas 77024
All other parties receiving notice via CM/ECF.

/s/ *Kyle Dickson*
Kyle L. Dickson