**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **CASE NO. 26-80397** |
| | § | |
| | § | |
| **JMK5 MALL OF THE MAINLAND, LLC,** | § | **CHAPTER 11** |
| **Debtor** | § | |
| | § | |
| | § | |
| | § | **JUDGE ALFRED R. PEREZ** |

**ORDER SUSTAINING GREENWORKS LENDING LLC'S OBJECTION TO
DEBTOR'S AMENDED SCHEDULES AND COMPELLING
AMENDMENT OF SCHEDULE D AND SCHEDULE E/F**

On this day came on for consideration Greenworks Lending LLC's Objection to
Debtor's Amended Schedules and Motion to Compel Amendment of Schedule D and Schedule
E/F [Dk# 30] (the "Objection"), filed by Greenworks Lending LLC ("Greenworks"), on behalf
of PACEWell 3 LLC ("Capital Provider"), pursuant to that certain Portfolio Administration
Agreement by and among Capital Provider, Greenworks, and U.S. Bank National Association.
The Court, having considered the Objection and the record in this case, having found that
notice of the Objection was proper and adequate under the circumstances, having found that
no timely objection or response was filed thereto [or: and having considered the responses
thereto], and having found that good cause exists for the relief requested, is of the opinion that
the Objection should be SUSTAINED. It is therefore:

ORDERED, ADJUDGED, AND DECREED:

1.      The Objection is SUSTAINED.

2.      The Debtor's classification of the PACE assessment claim as a nonpriority
unsecured claim held by Nuveen LLC on Schedule E/F is incorrect as a matter of law and fact.
The secured claim arising from the Property Assessed Clean Energy ("PACE") assessment lien
(the "PACE Lien") against the real property located at 10000 Emmet F. Lowry Expressway,
Texas City, Texas 77591 (the "Property") is held by Galveston County, Texas (the "Local

Government"), not by Nuveen LLC. The PACE Lien was recorded on or about September 28, 2020, in the Official Public Records of Real Property of Galveston County, Texas pursuant to Texas Local Government Code § 399.013.

3.      The PACE Lien constitutes a statutory first-priority lien against the Property under Texas Local Government Code § 399.014(a), with the same priority status as a lien for ad valorem taxes. The PACE Lien is senior in priority to all other liens, mortgages, and encumbrances of record against the Property, including but not limited to the mortgage liens of Plains State Bank listed on the Debtor's Schedule D, which were first recorded on March 1, 2021—more than five months after the PACE Lien was recorded and perfected.

4.      Within fourteen (14) days of entry of this Order, the Debtor shall file amended schedules that:

(a)      Amend Schedule E/F to remove the claim listed under the name "Nuveen LLC" as a nonpriority unsecured creditor; and

(b)      Amend Schedule D to include the Local Government as a secured creditor with the following information:

**Creditor:** Galveston County, Texas (Local Government), c/o Greenworks Lending LLC, as administrator

**Property subject to lien:** 34 acres / 10000 Emmet F. Lowry Expressway, Texas City, Texas 77591

**Nature of lien:** Contractual PACE Assessment Lien recorded on or about September 28, 2020, Official Public Records of Real Property, Galveston County, Texas, pursuant to Tex. Local Gov't Code § 399.013

**Amount of claim:** Not less than $3,609,378.96, plus accrued interest, penalties, costs, and attorneys' fees

**Priority:** First and prior lien, equivalent to ad valorem tax lien priority under Tex. Local Gov't Code § 399.014; senior to all other encumbrances listed on Schedule D, including but not limited to the mortgage liens of Plains State Bank

5.      All rights of the Local Government and Capital Provider are preserved with respect to the amount, priority, and enforceability of the PACE Lien and the secured claim arising therefrom, including the right to file or amend a proof of claim in this proceeding, and

including the right to assert first-priority lien status in connection with any plan of reorganization, sale of the Property, or other disposition of assets in this case.

6.      Nothing in this Order shall constitute a determination of the allowed amount of the Local Government's or Capital Provider's secured claim, which shall be determined in connection with any proof of claim filed or pursuant to further order of this Court.

7.      Nothing in this Order shall be construed to limit or prejudice any rights or remedies of the Local Government, Capital Provider, or Greenworks Lending LLC under the PACE Act, Texas Local Government Code Chapter 399, the applicable transaction documents, or applicable law.

8.      This Court shall retain jurisdiction to enforce the terms of this Order and to resolve any disputes arising therefrom.

SIGNED this _____ day of _____, 2026.

_____
HONORABLE ALFRED R. PEREZ
UNITED STATES BANKRUPTCY JUDGE

**MURRAY | LOBB, PLLC**

*/s/ Kyle L. Dickson*
Kyle L. Dickson
Southern District Bar No. 13441
State Bar No. 05841310
2200 Space Park Dr., Suite 350
Houston, Texas 77058
Tel: (281) 488-0630
Fax: (281) 488-2039
Email: kdickson@murray-lobb.com

**ATTORNEYS FOR GREENWORKS LENDING LLC**