**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 26-80397 |
| JMK5 Mall of the Mainland LLC | § | |
| | § | |
| Debtor. | § | Chapter 11 |

**DEBTOR'S RESPONSE TO U.S. TRUSTEE'S EXPEDITED MOTION**
**TO CONVERT CASE TO CHAPTER 7**
**[ECF 19]**

TO THE HONORABLE
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, JMK5 Mall of the Mainland LLC (the "Debtor"), and files this Response to U.S. Trustee's Expedited Motion to Convert to Chapter 7 (the "Motion") and in support thereof, would respectfully show the Court as follows:

1.      Debtor admits the allegation in Paragraph 1 that its primary asset is a mall located in Texas City which it believes is worth $21 million and it currently lacks insurance, however, for further answer, the Debtor has applied for insurance and has now secured a commitment, a copy of which is attached hereto as Exhibit "A."   Debtor admits the property generates over $180,000 monthly in rents from eleven tenants, and for further answer, the Debtor received rent checks today that were in the possession of Plains State Bank (the "Lender"). Debtor denies the allegation that it does not maintain a bank account and that the U.S. Trustee has no proof of a DIP account being opened. Debtor denies the U.S. Trustee has yet to receive any prepetition financial, banking, or tax information. Debtor admits Plains State Bank has an assignment of rents. Debtor admits it has not filed a cash collateral motion but for further answer, negotiations with Plains State Bank are ongoing. Plains State Bank will approve the Debtor's purchase of insurance as reflected on the

commitment of insurance attached as Exhibit "A." Debtor denies the remaining allegations of Paragraph 1.

2. Debtor admits the allegations of Paragraph 2.

3. Debtor admits the allegations of Paragraph 3.

4. Debtor admits the allegations of Paragraph 4.

5. Debtor admits the allegations of Paragraph 5.

6. Debtor admits the allegations of Paragraph 6.

7. Debtor admits the allegations of Paragraph 7.

8. Debtor admits the allegations contained in the first two sentences of Paragraph 8. Debtor is without sufficient information to either admit or deny the allegations in the third sentence (that the Texas City Property has been posted for foreclosure ten times over the last two years) of Paragraph 8. Therefore, for pleading purposes, those allegations are denied as plead. Debtor denies the allegation that it has not paid Plains for two years. Debtor admits the allegation contained in the last sentence of Paragraph 8.

9. Debtor admits the allegation contained in the first sentence of Paragraph 9 that the U.S. Trustee has requested financial information, however Debtor responds that financial information has now been provided to the UST. Debtor admits no cash collateral or cash management motions have been filed but denies the remaining allegations in the second sentence of Paragraph 9. Debtor denies the allegations in the last sentence of Paragraph 9, but for further answer, until this morning, Plains State Bank was in receipt of a portion of unpaid tenant rents. An accounting is under way to determine what unpaid tenant rents are outstanding.

10. To the extent any factual allegations are contained in Paragraphs 10 and 11, those allegations are denied.

11.     Debtor admits the allegations in Paragraph 12, but for further answer, attached as Exhibit "A" is the commitment for insurance that the Debtor has been able to arrange.

12.     Debtor admits the allegation in the first sentence of Paragraph 13, but for further answer, the Debtor has been unable to receive rent collection until this date. Debtor denies the remaining allegations in Paragraph 13.

13.     Debtor admits the allegation in the first sentence of Paragraph 14 but for further answer, the Debtor has now been able to obtain insurance coverage. Debtor denies the allegation in the second sentence of Paragraph 14 that it is in the best interest of the estate and creditors for the Court to consider the Motion on an expedited basis.

## PRAYER

WHEREFORE, Debtor respectfully requests the Court deny the relief requested and allow the Debtor to utilize the rents it has received this day to purchase insurance pursuant to 11 USC §366.

Respectfully submitted,

**FUQUA & ASSOCIATES, PC**

By:     */s/ Richard L. Fuqua*
        Richard L. Fuqua
        State Bar No. 07552300
        8558 Katy Freeway, Suite 119
        Houston, TX 77024
        (713) 960-0277 – Telephone
        Email: fuqua@fuqualegal.com
        COUNSEL FOR DEBTOR

## <u>CERTIFICATE OF ACCURACY PURSUANT TO LOCAL RULE 9913-1(I)</u>

I hereby certify the accuracy of the matters and facts set forth in the foregoing motion.

*/s/ Richard L Fuqua*
Richrd L Fuqua

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on July 9, 2026, a copy of the above and foregoing instrument was forwarded by ECF, email and/or U.S. mail, first class postage prepaid to the parties listed below; and via ECF to all parties registered to receive notice through the Court's ECF system.

*/s/ Richard L. Fuqua*
Richard L. Fuqua

Kevin Epstein
Vianey Garza
United States Trustee
515 Rusk, Suite 3516
Houston, Texas 77002
Vianey.garza@usdoj.gov