**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **In Re:** | § | **Case No. 26-80397** |
| | § | |
| **JMK5 Mall of the Mainland, LLC** | § | **Chapter 11** |
| | § | |
| **Debtor.** | § | **Judge Alfredo Perez** |

**EMERGENCY MOTION OF CHAPTER 11 DEBTOR FOR AN ORDER APPROVING THE SALE OF ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**THERE WILL BE A HEARING ON THIS MOTION ON SEPTEMBER 2, 2026 AT 9:30 A.M. IN COURTROOM 400, 515 RUSK, 4TH FLOOR, HOUSTON, TEXAS 77002.**

**TO THE HONORABLE ALFREDO PEREZ,**
**UNITED STATES BANKRUPTCY JUDGE:**

JMK5 Mall of the Mainland, LLC ("Debtor"), hereby requests the entry of an order approving the sale of assets of the Debtor's Estate to Mall of the Mainland Property, LLC or its assigns free and clear of liens, claims, interests, and encumbrances pursuant to 11 U.S.C. §§ 105 and 363, and related relief ("Motion"). In support of the Motion, Debtor respectfully states as follows:

## Jurisdiction

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)A). Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105(a) and 363, as well as Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

3. On or about June 2, 2026, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. The Debtor has continued its operations as a Debtor in Possession since June 2, 2026.

5. The Debtor has administered the Debtor's Estate for the benefit of its creditors in accordance with the Bankruptcy Code and the guidelines established by this Court's local rules

and the U.S. Trustee's guidelines. The Debtor is engaged in efforts to ensure that the maximum value of the Estate's assets are realized, which efforts include pursuing the sale of all remaining assets.

6. The Debtor engaged Moody Rambin to market its real property and all assets. Joseph Rambin of that firm has secured an offer to purchase various of the Debtor's assets as is reflected on the Purchase and Sale Agreement, copy of which is attached hereto as **Exhibit "A"**.

7. The Purchase and Sale Agreement generally provides for a purchase price of $13,829,550.18 ("Purchase Price") but in order to fund the lien claims to be paid at closing, the Purchase Price can be increased at Purchasers' sole discretion to $14,785,165.00 for all Assets to be paid by Mall of the Mainland, LLC or its assigns to the Debtor for the benefit of the Debtor's Estate. The Purchase and Sale Agreement negotiations were conducted at arm's length and in good faith. The Debtor has no connection to Mall of the Mainland, LLC and is unaware of any relationship between Mall of the Mainland, LLC and the Debtor, the Debtor's principals, or its agents. Further, there is no evidence of bad faith or a lack of good faith. However, it is anticipated that the Debtor's Managing Member may ultimately be employed with a corporate successor to Mall of the Mainland, LLC as a developmental consultant.

8. In accordance with the Purchase and Sale Agreement, the Assets specifically exclude (a) cash held at the time of the Purchase Agreement in any of the Debtor's bank accounts; (b) the books and records used by the Debtor in the ordinary course of business; (c) the Purchase Price for the Assets.

9. In the Debtor's business judgment, the Purchase Price represents a fair and reasonable sales price for the Assets and represents the highest and best offer for the sale of the Assets.

10. Contemporaneously herewith, the Debtor has served notice of the Motion ("Notice"), which establishes a deadline by which objections or responses to this Motion must be filed with the Court ("Response Deadline").

11. The Debtor is prepared to consummate the sale of the Assets to Mall of the Mainland, LLC or its assigns pursuant to the terms set forth herein and, in the Purchase and Sale Agreement.

12. By this Motion, the Debtor seeks the entry of an order pursuant to 11 U.S.C. §§ 105 and 363(b), (f), and (m), as well as Bankruptcy Rule 6004, (a) authorizing the Debtor to sell the Assets free and clear of all liens, claims, interests, and encumbrances; and (b) approving the terms of the Purchase and Sale Agreement.

**Authority for Requested Relief**

13. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Moreover, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

14. To approve the use, sale or lease of property outside the ordinary course of business, the Court must find that such sale is supported by the sound business judgment of the debtor or trustee, as the case may be. See In re Martin (Myers v. Martin), 91 F.3d 389, 395 (3d Cir. 1996);

In re Abbott's Dairies of Pa., Inc., 788 F.2d 143 (3d Cir. 1986) (requiring good faith purchasing); Stephens Indus., Inc. v. McClung, 789 F.2d 386, 391 (6th Cir. 1986); Comm. Of Equity Sec. Holders v. Lionel Corp., 722 F.2d 1063 (2d Cir. 1983); In re Del. & Hudson Ry. Co., 124 B.R. 169, 176 (Bankr. D. Del. 1991) (holding that transactions should be approved under section 363(b)(1) when: (a) they are supported by the sound business judgment of a debtor's management; (b) interested parties are provided with adequate and reasonable notice; (c) the sale price is fair and reasonable; and (d) the purchaser is acting in good faith); In re Ionosphere Clubs, Inc., 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989); and In re Phoenix Steel Corp., 82 B.R. 334, 335 (Bankr. D. Del. 1987) (stating that the elements necessary for the approval of a section 363 sale in a Chapter 11 case are "that the proposed sale is fair and equitable, that there is a good business reason for completing the sale and the transaction is in good faith.").

15. A Debtor's showing of sound business judgment, in turn, need not be unduly exhaustive, instead the Debtor is "simply required to justify the proposed disposition with sound business reasons." In re Baldwin United Corp., 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984). Whether or not there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. See Lionel, 722 F3d at 1071. Bankruptcy courts are given substantial discretion in deciding whether to authorize a sale of a debtor's assets outside of the ordinary course of business. See In re Chateaugay Corp., 973 F.2d 141, 144 (1d Cir. 1992).

16. The Debtor submits that the sale of the Assets pursuant to the Purchase and Sale Agreement represents a prudent and proper exercise of the Debtor's business judgment under the circumstances and is in the best interests of creditors of the Debtor's Estate. Specifically, the Purchase and Sale Agreement was negotiated at arm's length and in good faith, and the Debtor

believes that the Purchase Price is reasonable and represents fair value. Therefore, the Debtor respectfully requests that the Court approve the sale of assets to Mall of the Mainland, LLC.

17. Moreover, based on the foregoing, Mall of the Mainland, LLC should be deemed a good faith purchaser. Although the Bankruptcy Code does not define “good faith purchaser”, the United States Court of Appeals for the Third Circuit construing section 363(m), has stated that “the phrase encompasses one who purchases in ‘good faith’ and for ‘value’.” In re Abbott’s Dairies of Pa., Inc., 788 F.2d at 147; see also In re Mark Bell Furniture Warehouse, Inc., 992 F.2d 7, 8 (1st Cir. 1993); In re Willemain v. Kivitz, 764 F.2d 1019, 1023 (4th Cir. 1985); and In re Vanguard Oil & Serv. Co., 88 B.R. 576, 580 (E.D.N.Y. 1988).

18. Additionally, section 363(f) of the Bankruptcy Code permits a Debtor to sell assets free and clear of all interests which may be asserted against such assets, with any such interests attaching to the net proceeds of the sale, if subject to the rights and defenses of a debtor with respect thereto:

a. Applicable non bankruptcy law permits sale of such property free and clear of such interest;

b. Such entity consents;

c. Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

d. Such interest is in bona fide dispute; or

e. Such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). As section 363(f) of the Bankruptcy Code is stated in the disjunctive, when proceeding pursuant to section 363(b), it is only necessary to meet one of the five conditions of section 363(f). To the extent that there are interests that may be asserted in the Assets, the Debtor believes that one or more of the aforementioned conditions have been satisfied. Thus, the sale of the Assets pursuant to section 363(f) should be approved.

## Waiver of Stay of Order

19. To successfully implement the Purchase Agreement, the Debtor also seeks a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h).

## Notice

20. Notice of this Motion has been given to the Office of the United States Trustee, Mall of the Mainland, LLC, and all parties scheduled by the Debtor in its bankruptcy case and all parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtor submits, and requests that this Court determine, that such notice is proper and adequate; no further notice is requires; and that other and further notice be waived.

WHEREFORE, the Debtor respectfully requests entry of an order authorizing the sale of the Assets pursuant to the terms of the attached Purchase and Sale Agreement, waiving the fourteen-day stay under Bankruptcy Rule 6004(h), and granting such other and further relief as this Court deems just and proper.

Dated: August 28, 2026

Respectfully submitted,

**FUQUA & ASSOCIATES, PC**

By: *[/s/ Richard L. Fuqua]*

Texas Bar No. 7552300
8558 Katy Freeway, Suite 119
Houston, TX 77024
(713) 960-0277 Telephone
(713) 960-1064 Facsimile
R.L.Fuqua@FuquaLegal.com
***Counsel for Debtor***

**CERTIFICATE OF SERVICE**

This is to certify that on August 28, 2026, a copy of the above and foregoing instrument was served electronically to all parties registered to receive notice through the Court's ECF system.

*/s/ Richard L. Fuqua*
Richard L. Fuqua