**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CHAPTER 7** |
| | § | |
| **JMK5 MALL OF THE MAINLAND, LLC,** | § | **CASE NO. 26-80397** |
| | § | |
| **Debtor** | § | |

**TRUSTEE'S EMERGENCY MOTION FOR AUTHORITY**
**TO OPERATE DEBTOR'S BUSINESS ON A LIMITED BASIS PURSUANT TO 11 U.S.C. § 721**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**THE MOVANT REQUESTS CONSIDERATION OF THE MOTION AS SOON AS THE COURT'S CALENDAR WILL ALLOW AND, IF POSSIBLE, NO LATER THAN SEPTEMBER 18, 2026.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE ALFREDO R. PEREZ, UNITED STATES BANKRUPTCY JUDGE:**

Janet Northrup, chapter 7 trustee (the "**Trustee**") of the bankruptcy estate JMK5 Mall of Mainland LLC (the "**Debtor**"), files this *Trustee's Emergency Motion for Authority to Operate Debtor's Business on a Limited Basis Pursuant to 11 U.S.C. §721* (the "**Motion**"), and shows:

**Jurisdiction and Venue**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Relief is proper pursuant to 11 U.S.C. §§ 105 and 721. Venue of the bankruptcy case (the "**Case**") before the Court is appropriate under 28 U.S.C. §§ 1408 and 1409.

**Preliminary Statement and Relief Requested**

2. As indicated on the Debtor's Amended Schedule A/B, the Debtor owns commercial real property located at 10000 Emmett F. Lowry Expressway, Texas City, TX 77591 (the "**Mall Property**"). On information and belief, the Mall Property is occupied by thirteen tenants (the "**Tenants**"). The monthly rent amounts owed to Debtor per the rent roll is $171,489.33.

3. The Trustee requests authority to operate the Debtor, including, but not limited to, collecting monthly rents, paying utilities, employing personnel to maintain the Mall Property (such as maintenance, groundskeeping, security) and paying ordinary business expenses in the ordinary course of the Debtor's business.

**Background**

4. On June 2, 2026, the Debtor commenced the Case under Chapter 11 of the Bankruptcy Code. On September 3, 2026, the Court entered its *Order Converting Case Under*

*Chapter 7*, at Docket No. 78. On September 3, 2026, the Trustee was appointed. The initial 341 Meeting of Creditors is scheduled for October 30, 2026.

5. On August 3, 2026, the Debtor filed its Amended Schedule A/B: Assets – Real and Personal Property at Docket No. 62.

6. As indicated by Debtor's Amended Schedule A/B, the Debtor owns real property identified as JMK5 Mall of the Mainland LLC, the Mall Property. Pursuant to the Galveston County Appraisal District's website, the Mall Property is valued at $9,380,100.00. On information and belief, Plains State Bank holds a secured lien on the Mall Property and all collected rents. Plains State Bank filed a proof of claim, Claim No. 6-1, alleging a secured claim in the amount of $8,659,690.58.

7. The Tenants occupying the Mall Property, as well as the monthly rent amounts, are identified on the rent roll provided by the Debtor to the U.S. Trustee. A copy of the rent roll is attached hereto as Exhibit "A".

8. The Mall Property is currently insured through July 24, 2027.

**Request for Authority to Operate Debtor's Business on a Temporary Basis**

9. The Trustee requests authority to operate the Mall Property on a temporary basis, until such time as the Mall Property can be sold or otherwise administered. The Trustee will, inter alia, collect rent from the Tenants, pay utilities, employ personnel to maintain the Mall Property (such as maintenance, groundskeeping, security) and pay ordinary business expenses in the ordinary course of the Debtor's business.

10. It appears that Plains State Bank properly perfected its security interest in the rents. If the Trustee determines that the rents are encumbered by perfected liens, the Trustee will either obtain written consent from Plains State Bank for the use of cash collateral or will obtain an order

from the Court authorizing the use of cash collateral. Currently, the Trustee is negotiating use of cash collateral in connection with the Trustee's administration of the Estate.

11. The Trustee has determined in her business judgement that it is proper to operate the Mall Property for a limited time as (i) the Mall Property produces cash flow; (ii) the continuing operation preserves the Mall Property's value for potential buyers; (iii) and the continuing operation is in the best interest of the Estate and consistent with the orderly administration of the Estate pursuant to 11 U.S.C. § 721.

12. If marketing of the Mall Property is determined to be potentially beneficial to the Estate, the Trustee will file a separate application to employ a real estate broker and agent.

13. The Trustee requests authority to take all actions necessary or advisable in the ordinary course of operating the Mall Property, including, but not limited to, the following:

a. Collecting monthly rental payments from the Tenants;

b. Paying ad valorem taxes on the Mall Property, when due;

c. Purchasing property insurance for the Mall Property, if necessary;

d. Maintaining the Mall Property in acceptable condition and paying for necessary repairs, including submitting claims for insurance coverage and collecting insurance proceeds, if any;

e. Conducting inspections of the Mall Property;

f. Conducting leasing activities, including re-letting the Mall Property spaces in a commercially reasonable manner;

g. Conducting routine day-to-day operations of the Mall Property;

h. Marketing and selling the Mall Property.

**Grounds for Relief**

14. Section 721 of the Bankruptcy Code authorizes the Trustee, with the Court's approval, to operate the business of a debtor for a limited period, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate. 11 U.S.C. § 721. The Trustee believes that the operation of the Mall Property is in the best interest of the Estate since rental income will be generated on a monthly basis until the Mall Property is sold. Moreover, the Trustee believes that operating the Mall Property is consistent with the orderly liquidation of the Estate and preserves the value of Debtor's assets.

**Request for Emergency Consideration**

15. Relief and entry of an order approving this Motion is requested as early as the Court's calendar will allow and, if possible, no later than September 18, 2026.

16. Pursuant to Local Rule 9013(i), the undersigned proposed counsel for the Trustee certifies that this Motion and the grounds set forth for expedited consideration are accurate and to the best of her information and belief, after diligent inquiry and investigation.

WHEREFORE, Janet S. Northrup, the chapter 7 Trustee, respectfully requests that the Court enter an Order: (i) authorizing her to operate the Debtor's business on a temporary basis pursuant to 11 U.S.C. § 721, as of September 3, 2026, and (ii) providing the Trustee with such other and further relief to which she may show herself to be justly entitled.

Dated: September 11, 2026.

Respectfully submitted,

HUGHESWATTERSASKANASE, LLP

*/s/ Beatrice Grevel*
Heather Heath McIntyre
State Bar No. 24041076
Beatrice Grevel
State Bar No. 00796677
1201 Louisiana, 28Th Floor
Houston, TX 77002
Telephone: 713-590-4200
Facsimile: 713-590-4230
**PROPOSED ATTORNEYS FOR JANET S. NORTHRUP, CHAPTER 7 TRUSTEE**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion has been sent to all parties receiving ECF Notice in this case, and to the parties listed on the attached Service List by U. S. mail, first class postage prepaid, to the extent not served via ECF, on September 11, 2026.

*/s/ Beatrice Grevel*
Beatrice Grevel

## CERTIFICATION FOR ACCURACY PURSUANT TO LBR 9013-1(i)

I hereby certify that the facts and assertions made in the *Trustee's Expedited Nunc Pro Tunc Motion for Authority to Operate JMK5 Mall of the Mainland's Business on a Limited Basis, Pursuant to 11 U.S.C. § 721,* are true and accurate to the best of my knowledge.

*/s/ Beatrice Grevel*
Beatrice Grevel